IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 3:18CR158 |
| v. | : | GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE ENTRAPMENT |
| NASER ALMADAOJI, | : | DEFENSE |
| Defendant. | : | |

_____

The United States hereby files this motion *in limine* to preclude defendant Naser Almadaoji from presenting the defense of entrapment at trial.  The motion should be granted because Almadaoji cannot present evidence sufficient to establish the "principal element" of entrapment—that is, lack of predisposition to commit the offense.

During his testimony at the suppression hearing on September 27, 2021, Almadaoji testified under oath that he attempted to join ISIS's affiliate in the Sinai Peninsula, Wilayat Sinai, when he traveled to Egypt and Jordan in February 2018.  That trip occurred only months before Almadaoji was arrested on the charges in this case—both of which arise from Almadaoji's similar attempts to provide material support to ISIS and its affiliate in Afghanistan, ISIS Wilayat Khorasan (ISIS-K).  Because Almadaoji's testimony at the suppression hearing unequivocally establishes his predisposition to commit the crimes with which he is charged, he cannot possibly establish that he lacked such predisposition.  Accordingly, Almadaoji is precluded—as a matter of law—from asserting the defense of entrapment.

## BACKGROUND

On November 26, 2019, a Grand Jury in the Southern District of Ohio returned a Superseding Indictment charging Almadaoji with two counts of attempting to provide material support to foreign terrorist organizations, in violation of 18 U.S.C. § 2339B.  Count One charges

Almadaoji with attempting to provide material support to ISIS and ISIS-K in the form of personnel—i.e., himself.  This charge is based on Almadaoji's attempt to travel to Afghanistan in October 2018 for the purpose of joining ISIS and ISIS-K.  *See* Affidavit in Support of Criminal Complaint (Doc. No. 1) at PAGEID# 13-25.  Count Two charges Almadaoji with attempting to provide material support to ISIS in the form of translation services.  This charge is based on a circumstance in September 2018 when Almadaoji translated an ISIS document from English to Arabic and provided that translation to an FBI confidential human source who Almadaoji thought was an ISIS member. (*Id*. PAGEID# 12-13).

On September 27, 2021, Almadaoji testified on his own behalf in support of his supplemental motion to suppress evidence.  During cross-examination, and while under oath, Almadaoji admitted that, in February 2018, he attempted to join Wilayat Sinai during his trip to Egypt and Jordan:

Government:  What was in the Sinai Peninsula?

Almadaoji:    I believe Wilayah Sina[i].

Government:  Is your understanding Wilayah Sina[i] is ISIS in the Sinai Peninsula?

Almadaoji:    Yes.

Government:  You were going to go with him, weren't you?

Almadaoji:    I do not recall that plan.

Government:  I'd like to remind you you're under oath, Mr. Almadaoji.

Almadaoji:    I understand.

Government:  Did you attempt to go to ISIS in the Sinai Peninsula yourself on that trip?

Almadaoji:    I did.

2

Testimony at the suppression hearing also established that, upon Almadaoji's return to the United States from Egypt and Jordan, Almadaoji was not truthful with Customs and Border Protection (CBP) officers at O'Hare International Airport about the purpose of the trip.  After interacting with Almadaoji at O'Hare, CBP officers became concerned and contacted the FBI, which began the investigation of Almadaoji underlying the instant charges.[1]

Throughout the FBI's investigation, Almadaoji was in communication and interacted with multiple confidential human sources and undercover/covert employees of the FBI.  These individuals presented themselves as—and Almadaoji believed them to be—members and supporters of ISIS.  Because Almadaoji's commission of the charged crimes involved the participation of these law-enforcement actors, the United States anticipates that Almadaoji may seek to raise or infer the defense of entrapment.  For the reasons below, he is not entitled to do so as a matter of law.

## ARGUMENT

**A. Almadaoji should be precluded from raising entrapment as a defense because he cannot show that he lacked predisposition to commit the charged crimes.**

Entrapment consists of "the apprehension of an otherwise law-abiding citizen who, if left to his own devices, likely would have never run afoul of the law." *Jacobson v. United States*, 503 U.S. 540, 553–54 (1992).  A valid entrapment defense has two related elements: (1) government inducement of the crime; and (2) a lack of predisposition on the part of the defendant to engage in the criminal conduct.  *Mathews v. United States*, 485 U.S. 58, 62-63 (1988); *United States v. Nelson*, 922 F.2d 311, 317 (6th Cir. 1990).[2]

---

[1] There is no allegation—nor could there be—that law enforcement had any involvement in Almadaoji's admitted attempt to join ISIS during his trip to Egypt and Jordan in February 2018.

"Predisposition, 'the principal element in the defense of entrapment,' focuses upon whether the defendant was an 'unwary innocent' or, instead, an 'unwary criminal' who readily availed himself of the opportunity to perpetrate the crime." *Mathews*, 485 U.S. at 63 (citations omitted). So long as a defendant shows a predisposition to commit the crime, government participation in the commission of the crime, by itself, cannot be the basis for entrapment. *United States v. Tucker*, 28 F.3d 1420 (6th Cir. 1994); *United States v. Leja*, 563 F.2d 244 (6th Cir. 1977).

To assert entrapment, "the defendant must come forward with evidence to support both elements of the defense." *United States v. Khalil*, 279 F.3d 358, 364 (6th Cir. 2002). But when the evidence "clearly and unequivocally establishes that [the defendant] was predisposed" to commit the crime, "the district court is justified in denying an entrapment instruction." *Id*. at 365 (internal quotations omitted). As the Committee Commentary to Sixth Circuit Pattern Jury Instruction 6.03 provides: "[n]o instruction on entrapment need be given unless there is some evidence of both government inducement and lack of predisposition. . . . It is the duty of the trial judge to determine whether there is sufficient evidence of entrapment to allow the issue to go before the jury." Along these lines, the Sixth Circuit has repeatedly affirmed district court decisions denying an entrapment defense when a defendant has failed to demonstrate lack of predisposition. *E.g.*, *United States v. Schuttplez*, 467 F. App'x 349, 353-54 (6th Cir. 2013);

---

[2] While this motion *in limine* focuses on the predisposition element, the United States reserves the right also to argue that Almadaoji cannot show that the government induced him to commit the charged offenses. That argument is not presented herein because "[w]here there is sufficient evidence that the defendant was predisposed to commit the crime . . . the entrapment defense is properly rejected without a[n] inquiry into government inducement." *United States v. Santiago-Godinez*, 12 F.3d 722, 728 (7th Cir. 1993). The United States will brief the issue of inducement if requested by the Court.

*United States v. Demmler*, 655 F.3d 451, 456-58 (6th Cir. 2011); *United States v. Summers*, 238 F. App'x 74, 75-77 (6th Cir. 2007); *United States v. Elder*, 90 F.3d 1110, 1135 (6th Cir. 1996).

This Court, moreover, can determine the issue of entrapment in a pretrial ruling. "[W]here the evidence proffered in response to a motion *in limine* raised by the government is insufficient as a matter of law to support the affirmative defense, a pretrial ruling precluding the presentation of the defense at trial may be appropriate." *United States v. Santiago-Godinez*, 12 F.3d 722, 727 (7th Cir. 1993). While such pretrial determination is "the exception rather than the rule," the issue of entrapment nevertheless may be decided on pretrial motion "when it is clear that the evidence to be offered by the defendant can, under no interpretation, be considered sufficient to sustain his or her burden in proving the entrapment defense." *United States v. Johnson*, 32 F.3d 304, 307 (7th Cir. 1994); *cf. United States v. Schaffer*, 586 F.3d 414, 426 (6th Cir. 2009) (finding, in the context of a pretrial motion to dismiss an indictment, that "undisputed evidence must demonstrate a 'patently clear' absence of predisposition" to warrant dismissal before trial).

Here, the Court should exercise its pretrial authority to preclude Almadaoji from asserting an entrapment defense because the evidence of Almadaoji's predisposition to commit the offenses charged is "patently clear." As discussed above, Almadaoji admitted under oath that he attempted to join ISIS in the Sinai Peninsula during his travel in February 2018. That attempt to provide material support to ISIS—the very same offense charged in the Superseding Indictment—did not involve the participation of law enforcement; in fact, law enforcement was unaware of Almadaoji's predisposition to provide such material support until after his return to the United States from Egypt and Jordan.

5

Later, throughout September and October of 2018, Almadaoji then engaged in nearly identical conduct giving rise to the charges in the Superseding Indictment—attempting to provide material support to ISIS and its affiliate in Afghanistan. Because Almadaoji's testimony clearly and unequivocally establishes that he was predisposed to support ISIS and its affiliates prior to the FBI's investigation of the current charges, any evidence offered by Almadaoji could not, under any interpretation, be considered sufficient to sustain his burden of proving that he was not so predisposed. Almadaoji, therefore, is not entitled, as a matter of law, to assert an entrapment defense, and the Court should preclude such a defense by way of pretrial order.

### B.  If the Court permits an entrapment defense, the United States should be permitted to introduce evidence of Almadaoji's character.

In the event the Court permits Almadaoji to raise an entrapment defense, the United States will seek to admit evidence of Almadaoji's prior bad act—*i.e.*, his previous attempt to join ISIS in the Sinai Peninsula—in its case-in-chief.[3] Such evidence would include the admission that Almadaoji made during his testimony at the suppression hearing regarding his attempt to join Wilayat Sinai.

Generally, character evidence is not admissible against a criminal defendant. *See* Fed. R. Evid. 404(b). However, "[w]hen entrapment is raised as a defense, the criminal defendant makes his own character an essential trial issue. The government may therefore introduce proof of his prior wrongs." *United States v. Roper*, 135 F.3d 430, 434 (6th Cir. 1998) (emphasis added); Fed.

---

[3] To be clear, certain evidence establishing that Almadaoji attempted to join Wilayat Sinai is contained within communications between Almadaoji and various government witnesses. That evidence is intrinsic to the crimes charged against Almadaoji in the Superseding Indictment, and the United States intends to introduce that evidence in its case-in-chief regardless of the Court's decision on the issue of whether Almadaoji can present an entrapment defense.

R. Evid. 404(a).[4]  In such situations, the government is permitted to introduce not only opinion evidence of the defendant's character, but also evidence of "specific instances" of the defendant's conduct. *United States v. Franco*, 484 F.3d 347, 352 (6th Cir. 2007); Fed. R. Evid. 405(b).

In the present case, if Almadaoji is permitted to raise an entrapment defense at trial, the government should be permitted to introduce in its case-in-chief evidence of Almadaoji's previous attempt to join ISIS in the Sinai Peninsula, including Almadaoji's under-oath admission regarding that attempt.

## CONCLUSION

For the foregoing reasons, Almadaoji should be precluded from raising the defense of entrapment.

Respectfully submitted,

VIPAL J. PATEL
Acting United States Attorney

s/ Dominick S. Gerace
DOMINICK S. GERACE (OH 0082823)
NICHOLAS DINGELDEIN (NY 5284674)
Assistant United States Attorneys
200 West Second Street, Suite 600
Dayton, Ohio 45402
Office: (937) 225-2910
Fax: (937) 225-2564
dominick.s.gerace@usdoj.gov
nicholas.dingeldein@usdoj.gov

---

[4] Character evidence that is used to address an entrapment defense is admissible under Federal Rule of Evidence 404(a), and therefore is not subject to the same pre-trial notice requirements as Rule 404(b) evidence. *United States v. Franco*, 484 F.3d 347, 351-53 (6th Cir. 2007). Nonetheless, on September 13, 2021, the United States sent a letter to counsel for Almadaoji explaining that the United States intends to introduce testimony and evidence at trial regarding Almadaoji's travel to Egypt and Jordan in 2018.  The United States also explained that it considers such evidence to be "inextricably intertwined" with the crimes charged in the Superseding Indictment, and thus not implicated by Rule 404(b).

s/Justin Sher
JUSTIN SHER (DC 974235)
Trial Attorney
National Security Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20004
Office: (202) 353-3909
justin.sher@usdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that on this 14th day of October, 2021, I filed the foregoing using the

Court's ECF system, which will send electronic notification of such filing to all counsel of record.

s/ Dominick S. Gerace
DOMINICK S. GERACE (OH 0082823)
Assistant United States Attorney

8