# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:18-CR-158 |
| *Plaintiff*, | : | |
| v. | : | Judge Walter H. Rice |
| NASER ALMADAOJI, | : | |
| *Defendant.* | : | |

## GOVERNMENT'S NOTICE
## REGARDING DR. LORENZO VIDINO'S TESTIMONY

### I. Introduction

On October 27, 2021, the Court conducted a pretrial hearing in the above-captioned matter, which is scheduled to proceed to trial on November 1, 2021. During the hearing, the Court directed the government to file a notice identifying (1) the topics on which Dr. Lorenzo Vidino will testify, (2) the relevance of those topics, (3) whether any part of that testimony will be duplicative of other evidence presented in the case, and (4) whether the expert testimony is unfairly prejudicial. By this supplemental notice, the government provides the following information.[1]

---

[1] The government incorporates by reference the Government's Response to the Defense's Motion *in Limine* To Preclude Testimony About Violence by Terrorist Organizations (Docket No. 71) and the Government's Response to the Defense's Motion To Exclude Expert Testimony and Request for Daubert Hearing (Docket No. 72). The government previously provided the Court and the defense with notice of what topics Dr. Vidino might address during his testimony (Docket No. 72, Exhibit A, pp. 1-4) and Dr. Vidino's *Curriculum Vitae* (Docket No. 72, Exhibit A, pp. 5-33).

**II.  Dr. Vidino's Testimonial Topics**

Consistent with the government's notice relating to Dr. Vidino's anticipated testimony, the government expects that Dr. Vidino will testify regarding the following topics (hereinafter identified as Topics 1, 2, 3, and 4):

1. Background and educational information regarding ISIS and ISIS Wilayat Khorasan (ISIS-K), including:

    a. The history and formation of ISIS, its affiliate organizations, and the various iterations of ISIS;

    b. The ideology, objectives, and leadership of ISIS and ISIS-K;

    c. ISIS's declaration of a caliphate in June 2014, its use of terrorism to further its goals of creating a caliphate, holding territory, and bringing about a confrontation with the West;

    d. Specific terms, concepts and imagery relating to ISIS and ISIS-K, such as the black flag, dawla, hijrah, mujahid, caliph and caliphate, jihad, and martyrdom;

    e. ISIS's and ISIS-K's propaganda, including their use of social media to disseminate propaganda, radicalize individuals, and facilitate travel for foreign fighters to territory controlled by ISIS and ISIS-K;

    f. The process of joining ISIS and ISIS-K, ISIS's and ISIS-K's recruiting efforts, and common indicators/methods of radicalization of individuals who join and attempt to join ISIS and ISIS-K.

2. That ISIS and ISIS-K are and were at the times relevant to this case designated foreign terrorist organizations.

3. That ISIS and ISIS-K engage in terrorist activity and engage, and have engaged in, terrorism, and that this is widely and commonly known, including:

    a. Whether and why ISIS and ISIS-K engage in violence; and the general types of violence commonly engaged in by ISIS and ISIS-K; and

    b. Attacks conducted or attempted by ISIS and ISIS-K.

4. Dr. Vidino's testimony will also provide context and meaning with respect to (1) videos and images related to ISIS and ISIS-K that were either located on the defendant's devices or accessed by accounts linked to the defendant; (2) ISIS propaganda translated by the defendant; (3) the pledge of allegiance made by the

2

defendant to ISIS; (4) the defendant's communications and use of language that demonstrates an understanding of ISIS and ISIS-K, and an intention to join ISIS and ISIS-K.

### III. The Topics on which Dr. Vidino Will Testify Are Relevant

Dr. Vidino's testimony is relevant to and highly probative of the elements of the charged offenses. Almadaoji is charged with attempting to provide material support and resources to ISIS and ISIS-K—both designated foreign terrorist organizations—in violation of 18 U.S.C. § 2339B(a)(1). Accordingly, the government must prove beyond a reasonable doubt that:

(1) Almadaoji intended to commit the crime of providing material support or resources to ISIS and/or ISIS-K;

(2) Almadaoji intended to provide himself to ISIS and/or ISIS-K to work under their direction and control;[2]

(3) Almadaoji knew ISIS and ISIS-K are designated foreign terrorist organizations, engaged in terrorist activity, or engaged in terrorism; and

(4) Almadaoji did some overt act which was a substantial step toward committing the crime.

All four topics of Dr. Vidino's testimony are relevant to establishing the elements of the charged offenses. Topic 1 consists of background evidence that explains the origin, history, characteristics, and methods of ISIS and ISIS-K, as well as terminology and imagery used by those organizations. This information is relevant to the jury's determination of whether the defendant intended to provide material support to those organizations because it provides the proper context to allow the jury to understand and evaluate the defendant's actions and communications. Without such information, the jury would be left to evaluate the defendant's actions in a vacuum. Indeed, the introduction of this sort of background information through

---

[2] This element applies to Count 1, the "personnel" count. Count 2 of the Superseding Indictment requires the government to prove that Almadaoji provided material support and resources in the form of services.

3

expert testimony is explicitly recognized as a "venerable practice" in the Advisory Committee Notes to the 2000 Amendments to Rule 702 ("The amendment does not alter the venerable practice of using expert testimony to educate the factfinder on general principles.").

Topics 2 and 3 relate directly to the third element that the government is required to prove—namely, that the defendant knew that ISIS and ISIS-K are designated foreign terrorist organizations, engaged in terrorist activity, or engaged in terrorism. "Terrorist activity" is defined in section 212(a)(3)(B) of the Immigration and Nationality Act (codified in 8 U.S.C. § 1182) as, among other things, "assassination" and the "use of any . . . explosive, firearm, or other weapon or dangerous device (other than for mere personal monetary gain), with intent to endanger, directly or indirectly, the safety of one or more individuals." The statute goes on to define "engage in terrorist activity" as, among other things, "to commit or to incite, under circumstances indicating an intention to cause death or serious bodily injury, a terrorist activity," and "to prepare or plan a terrorist activity." Section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989, defines "the term 'terrorism' [to] mean [] premeditated, politically motivated violence perpetrated against noncombatant targets by subnational groups or clandestine agents." Dr. Vidino's expected testimony under Topic 2 is probative of whether ISIS and ISIS-K are designated as foreign terrorist organizations. Likewise, his expected testimony under Topic 3 is probative of whether ISIS and ISIS-K, through their activities, fulfill the definitions of terrorist activity and terrorism.

Finally, Topic 4 of Dr. Vidino's expected testimony is relevant to both the defendant's *mens rea*—i.e., whether he intended to provide material support to ISIS and ISIS-K—and to his knowledge that ISIS and ISIS-K were designated foreign terrorist organizations, engaged in terrorist activities, or engaged in terrorism. By testifying to specific characteristics of the

4

evidence linked to the defendant, Dr. Vidino's testimony will aid the jury in determining whether the defendant knew that these two organizations were designated as foreign terrorist organizations and committed acts of violence consistent with that designation; whether the materials that the defendant possessed, viewed and disseminated were consistent with the broader practices of ISIS and ISIS-K; and whether the defendant's actions and activities were indicative of an intent to provide material support to those organizations.

For the foregoing reasons, the topics of Dr. Vidino's testimony are relevant.

**IV.     Dr. Vidino's Testimony Will Not Be Duplicative or Cumulative**

Dr. Vidino's testimony will not be duplicative of other evidence presented in this case, and so it's probative value is not substantially outweighed by the danger of needlessly presenting cumulative evidence.

As an initial matter, with respect to Topic 1, the government does not anticipate any other witness providing the type of background and educational information that Dr. Vidino will provide.  Certain government fact witnesses who work in undercover and confidential capacities necessarily possess some knowledge regarding the history, characteristics, and methods of ISIS and ISIS-K, as well as language and imagery used by those groups.  Indeed, possessing such knowledge is a job requirement for these witnesses.  To provide context to the jury, these fact witnesses may, during their testimony, explain their own interpretation of certain phrases and images that exist within communications involving the defendant.  None of the witnesses, however, will provide the type of historical and background testimony that Dr. Vidino will provide, nor could they.

With respect to Topic 2, the government has offered a stipulation to the defendant on the status of ISIS and ISIS-K as designated foreign terrorist organizations, and may seek judicial notice of those facts in the absence of the stipulation. In the event that one of those situations transpires, it may become unnecessary for the government to elicit such information from Dr. Vidino. In any event, the presentation of such information, even if duplicative, is not likely to carry a substantial prejudicial effect given the nature of the information.

With respect to Topics 3 and 4, in addition to Dr. Vidino's testimony about general violent activities practiced by ISIS and ISIS-K, the government anticipates admitting evidence of videos and images found on Almadaoji's devices and accessed by accounts linked to Almadaoji. Some of those videos and images depict violence. That evidence is, in part, proof of Almadaoji's knowledge, state of mind, and intentions relating to ISIS and ISIS-K. But, without more, the jury likely will not understand the context of the evidence. For that reason, the government intends to present testimony from its expert witness—Dr. Vidino—which will provide the necessary context and interpretation of the videos and images.

Dr. Vidino likely will testify that violence within the videos is to be expected because that is the core of ISIS and ISIS-K—that is, violence is the method by which ISIS and ISIS-K control people and land, and otherwise terrorize governments and civilians. But the videos also depict symbols (i.e.: flags, uniforms) and use language specific to ISIS and ISIS-K (i.e., words like caliph, Baghdadi, and others). Dr. Vidino will be asked to identify those symbols, explain the significance of the symbols to followers of ISIS and ISIS-K, and identify relevant language from within the videos (including language also used by Almadaoji)—all of which will help prove Almadaoji's knowledge, state of mind, and intentions. Dr. Vidino's testimony providing context to these government exhibits will not be duplicated elsewhere during trial.

Importantly, the government does not intend to present all of Almadaoji's videos and images to Dr. Vidino. Rather, the government anticipates showing Dr. Vidino only a few of the many videos and images recovered from Almadaoji's devices and accounts so that Dr. Vidino can provide context to the language, symbolism, and significance of certain aspects of the evidence. What is more, the government does not intend to show the videos in their entirety to Dr. Vidino and, instead, will show specific portions of the videos about which Dr. Vidino can testify for purposes of providing context and explanation so that the jury understands the symbols and language.[3]

For the foregoing reasons, Dr. Vidino's testimony will not be duplicative of other testimony or evidence offered by the government.

**V.     Dr. Vidino's Testimony Will Not Be Unfairly Prejudicial**

Nor is the probative value of Dr. Vidino's testimony substantially outweighed by the danger of unfair prejudice. The government intends to introduce Dr. Vidino's testimony concerning what ISIS and ISIS-K are and what they do because it has charged Almadaoji with attempting to join ISIS and ISIS-K and operate under their direction and control. His testimony is therefore highly probative regarding whether the defendant committed the offenses charged. That probative value is not substantially outweighed by the danger of unfair prejudice. Both ISIS and ISIS-K are designated foreign terrorist organizations that engage in terrorism and terrorist activity. For that very reason, evidence about those organizations includes depictions and descriptions of violence. Indeed, it is part of what these organizations do to achieve results and maintain power.

---

[3] The government intends to introduce the video and photographic evidence through a law-enforcement witness. Additionally, the government has redacted some of the evidence so as to not show gratuitous violence to the jury.

As delineated above, most of Dr. Vidino's testimony will cover the background and historical matters related to ISIS and ISIS-K.  The probative value of this sort of expert testimony is high because of the context that it provides to the jury, and there appears to be little danger of unfair prejudice with respect to this sort of evidence.  And while Dr. Vidino is also expected to testify with regard to acts of violence, as discussed above, the government does not plan to show entire video exhibits to Dr. Vidino, which will instead be shown through a law-enforcement witness.  Even so, the point remains that Almadaoji viewed these videos and images, and still decided to join ISIS and ISIS-K.  The government's evidence is not of gratuitous violence simply designed to inflame the jury.  Rather, it is evidence of what Almadaoji viewed, disseminated, or possessed relating to ISIS and ISIS-K.[4]  That such imagery is likely to fall beyond the approval of the average juror is a commentary on the nature of ISIS and Almadaoji's crimes, not the impropriety of the government's proof.

In sum, Almadaoji is charged with attempting to become a fighter for ISIS and ISIS-K, and so the government's evidence of violent acts carried out by ISIS and ISIS-K is highly probative.  And while this evidence may be prejudicial to the defendant, it is not unfairly so, especially in light of the redactions that the government has made to its exhibits.

---

[4] Though not in dispute, government can link the depictions of violence to Almadaoji in various ways.  Some of the videos were located on his phone—a phone he was carrying at the time of his arrest immediately prior to attempting to fly to Kazakhstan.  The still images were located on a tablet used by Almadaoji and recovered from his residence.  Other videos are linked to an email account controlled by Almadaoji.

For the foregoing reasons, Dr. Vidino's testimony will not be unfairly prejudicial.

    Respectfully submitted,

    VIPAL J. PATEL
    Acting United States Attorney

    s/Nicholas Dingeldein
    DOMINICK S. GERACE (OH 0082823)
    NICHOLAS DINGELDEIN (NY 5284674)
    Assistant United States Attorneys
    JUSTIN SHER
    Trial Attorney
    200 West Second Street, Suite 600
    Dayton, OH 45402
    (937) 225-2910
    Dominick.S.Gerace@usdoj.gov
    Nicholas.dingeldein@usdoj.gov
    Justin.Sher@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served this 28th day of October, 2021, on defense counsel via the Court's ECF system.

                                                s/Dominick S. Gerace
                                                DOMINICK S. GERACE
                                                Assistant United States Attorney